IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| ESTHER CORONADO | § | |
| v. | § | CIVIL ACTION NO. 2:06cv24 |
| | | (Crim. No. 2:03cr7) |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Movant Esther Coronado, proceeding *pro se*, filed this motion to vacate or correct her sentence under 28 U.S.C. §2255.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Coronado was convicted on December 29, 2003, of possession with intent to distribute methamphetamine and use and carrying of a firearm in relation to a drug trafficking offense, receiving a total sentence of 177 months.  She pleaded guilty and did not take a direct appeal of her conviction or sentence, which sentence was imposed on January 7, 2004.

Coronado says in her motion to vacate sentence that she did not take a direct appeal, explaining that her attorney was satisfied with the sentence that she received.  However, she asks that the Court vacate her sentence or resentence her by removing all enhancement or upward departures that may have imposed a higher sentence or placed her on a higher offense level.  In support of her request, Coronado cites United States v. Booker, 125 S.Ct. 738 (2005), Blakely v. Washington, 124 S.Ct. 2531 (2004), and Apprendi v. New Jersey, 530 U.S. 466 (2000).  Coronado also contends that she received ineffective assistance of counsel because her attorney, Tonda Curry, refused to take a direct appeal for her, and that she did not receive credit for acceptance of responsibility.

After review of Coronado's claims, the Magistrate Judge issued a Report recommending that the motion to vacate or correct sentence be denied. The Magistrate Judge determined that Coronado's claims under <u>Blakely</u> and <u>Booker</u> were without merit because cases do not operate retroactively, and that her remaining claims are barred by the one-year statute of limitations set out in 28 U.S.C. §2255. The Magistrate Judge also noted that Coronado signed a waiver of appeal as part of her plea bargain, that she had failed to show that she received ineffective assistance of counsel, and that her complaint about not receiving credit for acceptance of responsibility, besides being barred by limitations, was not cognizable under Section 2255. Consequently, the Magistrate Judge recommended that Coronado's motion to vacate or correct sentence be denied.

Coronado filed objections to the Magistrate Judge's Report on March 29, 2006. In her objections, Coronado says that she was never told that she was waiving her right to appeal or to seek collateral relief. She says that her attorney would not receive any of her phone calls, that she never got any letters from her attorney, and she never saw her pre-sentence report.

Coronado goes on to say that she is seeking a way to reduce her sentence because her children need her. She says that she knows that her husband and her son-in-law's cousins are trafficking in drugs as well as guns, and that she has names of people who do "a lot of very big drug deals." She asks how she can receive a reduction in her sentence and "prays for mercy."

Coronado did not allude to the non-retroactivity of <u>Booker</u> and <u>Blakely</u>, nor to the issue of the statute of limitations. The waiver of appeal which she signed is contained in the plea bargain agreement. Even if Coronado is correct that she did not understand the significance of the agreement which she signed, this claim is barred by the statute of limitations. To the extent that Coronado says that she has information which may be of interest to the Government, she should contact the U.S. Attorney for the Eastern District of Texas to explore any options for seeking a sentence reduction which may be available. Coronado has not shown that the Magistrate Judge erred and her objections to the Magistrate Judge's Report are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original motion to vacate sentence, the Report of the Magistrate Judge, the Movant's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit.  It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice.  It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

SIGNED this  9th  day of May, 2006.

*T. John Ward*
T. JOHN WARD
UNITED STATES DISTRICT JUDGE